FILED - GR
February 11, 2025 11:14 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JJM  SCANNED BY: /(

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

JEFFERY JACKSONEL, Plaintiff,
vs.
TRINITY HEALTH GRAND RAPIDS, Defendant.

1:25-cv-156
Paul L. Maloney-U.S. District Judge

CASE NO.: [LEAVE BLANK – COURT FILLS IN]
JUDGE: [LEAVE BLANK – COURT FILLS IN]

---

COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, MEDICAL NEGLIGENCE, ASSAULT, AND EMOTIONAL DISTRESS

Plaintiff, Jeffery JacksonEL, files this Complaint against Defendant, Trinity Health Grand Rapids, and states as follows:

---

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000d (Title VI – Civil Rights Act of 1964).

2. Defendant receives federal funding and is subject to federal anti-discrimination laws.

3. The events giving rise to this lawsuit occurred at Trinity Health Grand Rapids, located within this Court's jurisdiction.

---

II. PARTIES

4. Plaintiff, Jeffery JacksonEL, is a private citizen residing in Grand Rapids, Michigan.

5. Defendant, Trinity Health Grand Rapids, is a medical facility that receives federal funding and is responsible for patient care, safety, and compliance with federal civil rights laws.

---

III. FACTUAL ALLEGATIONS

A. Medical Emergency & Entry Into Trinity Health

6. On 02-08-2025 , Plaintiff began experiencing severe nausea and stomach distress after consuming food that included imitation cheese sauce, which was an unusual dietary choice for Plaintiff.

7. As the symptoms worsened, Plaintiff recognized the situation as a medical emergency and sought care at Trinity Health Grand Rapids.

8. Plaintiff arrived at the hospital's front entrance and was stopped by a security guard who informed him that:

The hospital did not have a public restroom.

If Plaintiff needed medical attention, he must enter through the emergency room section.

9. Plaintiff peacefully complied and proceeded to the emergency entrance as instructed.

---

B. Admission Into the ER & Permission to Use Restroom

10. At the ER entrance, Plaintiff was met by a different security guard, who asked for the reason for his visit.

11. Plaintiff explained his medical emergency and was allowed to proceed to the nurse's station.

12. Plaintiff informed the nurse that he was experiencing severe nausea and stomach distress and that he needed to relieve himself immediately to resolve the condition.

13. The nurse granted Plaintiff permission to use the hospital restroom and directed him toward two restrooms down the hall.

14. Upon attempting to use them, both restrooms were occupied.

15. Plaintiff returned to the nurse, and she immediately directed him to another available restroom.

---

C. Restroom Incident: Attempts to Open the Locked Door

16. While Plaintiff was inside the restroom, multiple attempts were made to forcibly open the locked door.

17. Plaintiff stated aloud that the restroom was occupied, but the attempts continued.

18. No one responded when Plaintiff verbally indicated that the restroom was in use.

19. After a third attempt, Plaintiff felt unsafe, violated, and distressed due to the persistence of whoever was trying to enter.

20. Plaintiff, in a state of fear and urgency, pulled up his pants without properly finishing his hygiene care and prepared to exit the restroom.

21. As Plaintiff exited, he observed a nearby door closing abruptly, indicating that someone had just left the area.

22. Plaintiff did not attempt to open the door but found it suspicious that someone had seemingly left immediately after attempting to enter the locked restroom multiple times.

---

D. Confrontation by Security & Use of Force

23. Plaintiff reported the restroom incident to the nurse, expressing concerns about what had happened.

24. The nurse acknowledged that someone had attempted to enter the restroom and apologized for the experience.

25. As Plaintiff walked back to the restroom to retrieve his belongings, he was suddenly confronted by a new security guard—accompanied by the original security guard from the front entrance.

26. The new guard aggressively questioned Plaintiff, demanding to know what was going on.

27. Plaintiff attempted to explain that he had used the restroom with nurse permission and that someone had tried to enter while it was locked.

28. The security guard ignored Plaintiff's explanation and ordered him to leave immediately.

29. Plaintiff stated, "Excuse me?" in confusion, at which point the security guard violently grabbed Plaintiff.

30. Plaintiff pulled away, recognizing that the security guard was attempting to escalate the situation into a conflict.

31. The security guard still had hold of Plaintiff's coat, proving force was used.

32. Instead of detaining Plaintiff, the security guard instructed him to leave in a controlled manner, dictating which exit he had to take.

33. Once outside the hospital, the security guard still had Plaintiff's coat and told him to take it, but Plaintiff was too scared to engage further.

---

IV. CLAIMS FOR RELIEF

COUNT 1 – VIOLATION OF CIVIL RIGHTS (TITLE VI, 42 U.S.C. § 2000d)

34. Defendant's security personnel engaged in discriminatory treatment, leading to unjustified removal and excessive force against Plaintiff, a minority patient.

COUNT 2 – MEDICAL NEGLIGENCE (EMTALA, 42 U.S.C. § 1395dd)

35. Defendant failed to provide necessary emergency medical treatment and wrongfully interfered with Plaintiff's care, worsening his condition.

COUNT 3 – ASSAULT & BATTERY (MCL 750.81)

36. Security personnel physically grabbed Plaintiff without consent, constituting unlawful use of force.

COUNT 4 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. Defendant's outrageous and unjustified conduct caused Plaintiff severe distress and humiliation.

---

## V. BENCH TRIAL REQUEST

38. Plaintiff requests a bench trial, ensuring that the case is decided by a judge, not a jury, pursuant to Rule 39(a)(1) of the Federal Rules of Civil Procedure.

---

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Honorable Court:
- ✓ Award compensatory and punitive damages.
- ✓ Declare that Defendant violated Title VI, EMTALA, and state laws.
- ✓ Order security policy reforms to prevent further discrimination.

---

## VII. SIGNATURE & FILING DETAILS

Respectfully submitted,

JEFFERY JACKSONEL
1238 calvin avenue s.e.
grand rapids, michigan 49506

date: 02-11-2025
sign: [signature]