UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY JACKSON,

                Plaintiff,                Case No. 1:25-cv-156

v.                                 Hon.  Paul L. Maloney

TRINITY HEALTH GRAND RAPIDS,

                Defendants.

_____/

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Jeffery Jackson filed a complaint against defendant Trinity Health Grand Rapids entitled, "Complaint for civil rights violations, medical negligence, assault, and emotional distress" (ECF No. 1).  Before the summons was issued, plaintiff filed a "Complaint for civil rights violations, medical negligence, assault a, and emotional distress" (which the Clerk's Office docketed as an amended complaint) (ECF No. 7) and a "Notice of Special Appearance and Conditional Grant of Jurisdiction" (which the Clerk's Office docketed as a "Supplement re Amended Complaint") (ECF No. 8).  For purposes of this report, the Court will view these two documents as plaintiff's amended complaint. This matter is now before the Court on "Defendant's Amended Motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (b)(6)" (ECF No. 20).

## I.    Background

In his original complaint, plaintiff alleged that on February 8, 2025, he was wrongfully removed from Trinity Health Grand Rapids hospital.  On that date, plaintiff had a medical emergency, "experiencing severe nausea and stomach distress after consuming food that included imitation cheese sauce" and "sought care at Trinity Health Grand Rapids."  Compl. at

1

PageID.2.  When plaintiff arrived at the front entrance, a security guard stopped him, and informed plaintiff that "[t]he hospital did not have a public restroom" and that "[i]f Plaintiff needed medical attention, he must enter through the emergency room section." *Id*.  Plaintiff went to the emergency room entrance where a different security guard stopped him and asked plaintiff the reason for his visit. *Id*.  Plaintiff explained his medical emergency and was allowed to proceed to the nurse's station. *Id*. at PageID.3.  Plaintiff advised the nurse that "he was experiencing severe nausea and stomach distress" and that "he needed to relieve himself immediately to resolve the condition." *Id*.  The nurse gave plaintiff permission to use the hospital restrooms down the hall, but both were occupied, so the nurse directed him to another restroom. *Id*.

While plaintiff was inside the restroom, "multiple attempts were made to forcibly open the locked door." *Id*.  After someone made a third attempt to enter, plaintiff felt unsafe, pulled up his pants and exited the restroom. *Id*.  Plaintiff reported the incident to the nurse, who acknowledged that someone had attempted to enter the restroom. *Id*. at PageID.4.  Then, plaintiff had the following encounter with security guards:

25. As Plaintiff walked back to the restroom to retrieve his belongings, he was suddenly confronted by a new security guard-accompanied by the original security guard from the front entrance.

26. The new guard aggressively questioned Plaintiff, demanding to know what was going on.

27. Plaintiff attempted to explain that he had used the restroom with nurse permission and that someone had tried to enter while it was locked.

28. The security guard ignored Plaintiff's explanation and ordered him to leave immediately.

29. Plaintiff stated, "Excuse me?" in confusion, at which point the security guard violently grabbed Plaintiff.

30. Plaintiff pulled away, recognizing that the security guard was attempting to escalate the situation into a conflict.

31. The security guard still had hold of Plaintiff's coat, proving force was used.

32. Instead of detaining Plaintiff, the security guard instructed him to leave in a controlled manner, dictating which exit he had to take.

33. Once outside the hospital, the security guard still had Plaintiff's coat and told him to take it, but Plaintiff was too scared to engage further.

*Id*. at PageID.4-5.

Based on these allegations, plaintiff set forth two federal claims and two state law claims:

COUNT 1 - VIOLATION OF CIVIL RIGHTS (TITLE VI, 42 U.S.C. § 2000d)
34. Defendant's security personnel engaged in discriminatory treatment, leading to unjustified removal and excessive force against Plaintiff, a minority patient.

COUNT 2- MEDICAL NEGLIGENCE (EMTALA, 42 U.S.C. § 1395dd)
35. Defendant failed to provide necessary emergency medical treatment and wrongfully interfered with Plaintiff's care, worsening his condition.

COUNT 3-ASSAULT & BATTERY (MCL 750.81
36. Security personnel physically grabbed Plaintiff without consent, constituting unlawful use of force.

COUNT 4 - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
37. Defendant's outrageous and unjustified conduct caused Plaintiff severe distress and humiliation.

*Id*. at PageID.5.

In an attachment to the complaint, plaintiff stated that he filed a police report on February 10, 2025 for "unlawful physical contact (assault), intimidation, and discriminatory treatment by Trinity Health security personnel" (Incident No. 25-008879).  Attachment (ECF No. 1-1, PageID.8).  Plaintiff also stated that he submitted a "Civil Rights Complaint" to the United States Department of Justice on February 10, 2025 "regarding discriminatory actions, denial of medical services, and unjust removal from Trinity Health Grand Rapids."  *Id*.

3

On February 12, 2025, the Court granted plaintiff leave to proceed *in forma pauperis*.  Order (ECF No. 4).  The Court liberally construed plaintiff's *pro se* complaint and concluded that it appeared to allege federal claims.

On February 13, 2025, the Clerk issued a summons for defendant. That same date, plaintiff filed the amended complaint (ECF Nos. 7 and 8)[1].  The amended complaint was markedly different from the original complaint, and transformed his *pro se* civil rights claim into a lawsuit seeking special treatment as a "Moorish American National" and a "protected Moorish American" under the 1836 Treaty of Peace and Friendship between the United States and Morocco. *See* Amend. Compl. (ECF No. 7, PageID.19-21).  Plaintiff has a history of filing frivolous lawsuits claiming special rights under this treaty.  *See, e.g.*, *Jackson v. Grand Rapids Police Department*, No. 1:25-cv-247, 2025 WL 1019922 (March 13, 2025), *R&R adopted*, 2025 WL 1019666 (W.D. Mich. April 4, 2025) (dismissed); *Jackson v. U.S. Department of Treasury*, No. 1:25-cv-186, 2025 WL 1019925 (March 13, 2025), *R&R adopted*, 2025 WL 1019649 (W.D. Mich. April 4, 2025) (dismissed); *Jackson v. United States*, No. 1:25-cv-116, 2025 WL 663210 (Feb. 13, 2025), *R&R adopted*, 2025 WL 660638 (W.D. Mich. Feb. 28, 2025) (dismissed).

In his amended complaint, plaintiff advised, among other things: that he grants the federal court "jurisdiction for the exclusive purpose of resolving claims against Defendant"; that this Court's "limited jurisdiction does not constitute a waiver of broader treaty protections and applies only to this specific case"; that "[t]his Court must first establish that its jurisdiction aligns with treaty law before proceeding to case merits"; that plaintiff reserves to the right to withdraw his conditional grant of jurisdiction to this Court; and, that he is appearing in this lawsuit "under

---

[1] The Court notes that plaintiff's filing did not require a motion for leave to amend because it was an amendment of a pleading as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).

Special Appearance and has not submitted to general jurisdiction." *See* Amend. Compl. at PageID.19-21.  Plaintiff also re-stated the allegations in his original complaint, *i.e.*, that Trinity Health Grand Rapids violated federal and state law during his February 8, 2025 visit to the hospital. Amend. Compl. (ECF No. 8, PageID.22-27).

On March 14, 2025, defendant filed a motion to dismiss (ECF No. 10).  Plaintiff filed a response (ECF No. 13), which consisted of conclusory statements of law, legal citations, and an "official warning" to defense counsel "should they persist in defending against clear violations of treaty, constitutional, and federal civil rights law" (PageID.56).

On March 17, 2025, plaintiff moved to recuse the presiding judge and magistrate judge (ECF No. 14) and filed a self-styled "Formal Notice" (ECF No. 15) warning the Clerk's Office to take immediate corrective action against federal judges who unlawfully failed to recuse themselves, threatening the Clerk's Office with civil liability for being "complicit in constitutional violations" and giving the Clerk's Office a "FINAL WARNING" on the matter.  *See* PageID.63-64.

On March 18, 2025, the Court rejected plaintiff's attempt to file a second amended complaint.  *See* Order ECF No. 16).  On March 19, 2025, plaintiff filed a "Formal Objection to unlawful judicial rulings" (ECF No. 17).  Plaintiff also filed an interlocutory appeal with the Sixth Circuit Court of Appeals entitled, "Notice of Appeal and Emergency Petition for Writ of Mandamus" (ECF No. 18).  The Sixth Circuit dismissed the appeal on April 25, 2025.  *See Jeffery Jackson v. Trinity Health Grand Rapids*, No. 25-1259 (Order) (ECF No. 21); (Judgment) (ECF No. 22).

On March 26, 2025, the Court dismissed another lawsuit filed by plaintiff and designated him as a restricted filer due to his history of frivolous court filings.  *See Jackson v. U.S. Government*, No. 1:25-cv-196, 2025 WL 917920 at *1 (W.D. Mich. March 26, 2025):

> Like Plaintiff's other filings and actions, Plaintiff failed to articulate nonfrivolous arguments and assertions. Plaintiff was repeatedly warned, yet he continues to waste court resources. He will no longer do so, and this court will summarily reject his objections as frivolous and erroneous. . . . Plaintiff Jeffery Jackson must prepay all future filing fees unless he obtains a signature from a licensed attorney admitted to the Western District of Michigan certifying that Jackson's complaint is not frivolous, malicious, or brought for an improper purpose.

On March 28, 2025, defendant filed its amended motion to dismiss and amended brief (ECF Nos. 20 and 21), in an apparent attempt to clarify its original motion. Plaintiff did not file a response to defendant's amended motion.

Finally, on May 15, 2025, the Court denied plaintiff's motion for recusal and his "Formal Objection".  *See* Orders (ECF Nos. 23 and 24).

## II.    Federal subject matter jurisdiction

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citations omitted).   "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).  Because plaintiff is proceeding *pro se*, the Court will read his complaint indulgently.  *See Haines v. Kerner*, 404 U.S. 519 (1972). However, while *pro se* pleadings are to be liberally

6

construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).

Applying these rules of construction, the Court concludes that plaintiff's amended complaint fails to establish federal subject matter jurisdiction.  As this Court stated in another lawsuit filed by plaintiff:

> Plaintiff's contention that he is subject to special treaty rights between the United States and Morocco is patently frivolous and grounds for dismissal for lack of jurisdiction.  *See Abdullah v. Morton*, No. 1:16-cv-1292, 2017 WL 2387833 at *2 (W.D. Mich. April 13, 2017), *R&R adopted*, 2017 WL 2378818 (W.D. Mich. June 1, 2017) ("Irrespective of the other defects in the petition/complaint, plaintiff's contention that he is a Moorish citizen subject to treaty rights between the United States and the Moroccan Empire is patently frivolous and grounds for dismissal for lack of jurisdiction."); *Idrissa El ex rel. Brewton v. Beal*, No. 1:14-CV-96-FDW, 2014 WL 2812786 at *2 (W.D.N.C. June 23, 2014) ("Plaintiff's claim that his status as a Moorish citizen not subject to the laws of the United States and the States is wholly frivolous."). *See also, El Bey v. Centralia Police Department*, No. 13-CV-313-JPG, 2013 WL 1788514 at *3 (S.D. Ill. April 26, 2013) ("Plaintiff is free to call himself a Moorish American National, or any other description that suits him. However, he is subject to state and federal laws, just like any other person regardless of citizenship. This Court joins the opinions cited above in rejecting Plaintiff's contention that he is not subject to Illinois laws or the jurisdiction of the Circuit Court where, it appears, his misdemeanor prosecution is still pending."); *Pitt-Bey v. D.C.*, 942 A.2d 1132, 1136 (D.C. 2008) (rejecting argument that appellant convicted of disobeying the lawful order of a police officer had "immunity from prosecution under the Moroccan-American Treaty of Peace and Friendship, ratified by President Andrew Jackson on January 28, 1837").
>
> In summary, the allegations set forth in plaintiff's complaint fail to establish subject matter jurisdiction in this Court because they are totally implausible, unsubstantial, frivolous, devoid of merit, and no longer open to discussion. *See Apple*, 183 F.3d at 479. Accordingly, this action should be dismissed for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

*Jackson v. U.S. Department of Treasury*, 2025 WL 1019925 at *2.  For these same reasons, plaintiff's current lawsuit is frivolous and should be dismissed for lack of subject matter jurisdiction.

7

Finally, because this Court lacks subject matter jurisdiction, it is unnecessary to address the arguments set forth in defendant's motion to dismiss.

### III.    RECOMMENDATION

For these reasons, I respectfully recommend that this lawsuit be **DISMISSED** for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1).

I further recommend that defendant's amended motion to dismiss (ECF No. 20) be **DENIED** without prejudice.

Dated: January 23, 2026                        /s/ Ray Kent
                                               RAY KENT
                                               United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).